THE INTERNATIONAL BANK OF CHICAGO *et al.*

*v.*

ROBERT E. JENKINS *et al.*

107   291
72a 369
107   291
176   51
107   291
197   ¹196
107   291
213   ¹574

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1.   WRIT OF ERROR—*is a new suit.* The suing out of a writ of error is the commencement of a new suit for all purposes.

2.   LIMITATION—*for and against assignee of bankrupt.* The two years' limitation in respect to suits at law or in equity between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, applies to writs of error as well as to other suits. Congress had the right to adopt such a provision, and it is binding on the State courts.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the plaintiffs in error:

The United States statutes are to be administered by the State courts as well as the United States Court, when they are applicable. *Claflin* v. *Houseman,* 93 U. S. 130; *Eyster* v. *Gaff,* 91 id. 521.

A writ of error is a suit at law or in equity.   Powell's App. Court Prac. 46, 346; 1 Tidd's Prac. *1, 196; *Ripley* v. *Morris,* 2 Gilm. 381; *Hickman* v. *Haines,* 5 id. 20; *Smith* v. *Robinson,* 11 Ill. 119; *Roberts* v. *Trustees,* 32 id. 474; *Wadhams* v. *Gay,* 73 id. 421; Freeman on Judgments, sec. 205.

A suit is the "lawful demand of a right," at law or in equity, without regard to the form given it. *Union Canal Co.* v. *Woodside,* 11 Pa. St. 176; *Weston* v. *City Council of Charleston,* 2 Pet. 449; *Bailey* v. *Glover,* 21 Wall. 346.

The appellate court, by virtue of a writ of error, has the power to restore to a plaintiff something real or personal, or

to render a judgment in his favor for something due him. Practice act, sec. 80; *Schultze* v. *Houfes*, 96 Ill. 335; 3 Bacon's Abridgment, title, "Error;" Freeman on Judgments, sec. 482.

A writ of error by an assignee to reverse a decree relating to property assigned to him, is a suit, within the meaning of section 5057 of the Revised Statutes of the United States, and must be brought within two years. *Bailey* v. *Glover*, 21 Wall. 342; *Marshall* v. *Knox*, 16 id. 551; *Cleveland* v. *Boerum*, 24 N. Y. 613; *Wilson* v. *Childs*, 8 B. R. 527.

A plea of the Statute of Limitations is not required as a defence to a writ of error when the record discloses that the time has elapsed for bringing the suit. A motion to dismiss is the proper practice in such a case. *Brooks* v. *Morris*, 11 How. 204; *Bertrand* v. *Taylor*, 87 Ill. 235; *Parkhurst* v. *Race*, 100 id. 558; *Henry County* v. *Winnebago Drainage Co.* 52 id. 454; *Humbert* v. *Trinity Church*, 7 Paige, 195.

Mr. W. T. BURGESS, for the defendants in error:

The judgment of the Appellate Court must be final before it can be reviewed on appeal or writ of error. The judgment or decree must be such that, in case of an affirmance, the court below would have nothing to do but execute the judgment or decree. *Whiting* v. *Bank of the United States*, 13 Pet. 15; *Forgay* v. *Conrad*, 6 How. 204; *Craighead* v. *Wilson*, 18 id. 201; *Beebe* v. *Russell*, 19 id. 285; *Bronson* v. *Railroad Co.* 2 Bl. 531; *Thompson* v. *Dean*, 7 Wall. 345; *St. Clair County* v. *Livingston*, 18 id. 628; *Parcel* v. *Johnson*, 20 id. 654; *Railroad Co.* v. *Sasey*, 23 id. 409; *Commissioners* v. *Lucas*, 93 U. S. 113.

It has been uniformly held that a judgment of reversal, with leave for further proceedings in the court below, can not be brought up on writ of error. *Brown* v. *Union Bank*, 4 How. 466; *Pepper* v. *Dunlap*, 5 id. 51; *Tracy* v. *Holcombe*, 24 id. 426; *Moore* v. *Robbins*, 18 Wall. 588; *McComb* v.

*Knox County,* 91 U. S. 1; *Baker* v. *White,* 92 id. 179; *Davis* v. *Crouch,* 94 id. 514; *Buck* v. *County of Hamilton,* 99 Ill. 507.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record presents the question whether the suing out of a writ of error is the commencement of a suit, and if so, whether it is within the limitation of the bar of the 5057th section of the Revised Statutes of the United States. Other questions are also presented, but this is the main question.

It has been repeatedly held by this court that the suing out of a writ of error is the commencement of a suit. (*Ripley* v. *Morris,* 2 Gilm. 381; *Hickman* v. *Haines,* 5 id. 20; *Smith* v. *Robinson,* 11 Ill. 119; *Roberts* v. *Fahs et al.* 32 id. 474; *Burnap* v. *Wight,* 14 id. 303.) And the doctrine that it is a suit was fully recognized in *Schræder* v. *Merchants and Mechanic's Ins. Co.* 104 Ill. 71. In the first four of these cases the question arose on motions to dismiss the writ of error because it was sued out by non-resident plaintiffs without filing a bond for costs, as required by the statute of such plaintiffs before bringing suits in the circuit or Supreme courts. It is true that those cases did not involve the bar of the Statute of Limitations, but they did whether a proceeding in this court by error was a new suit, and it was held to be the commencement of a new suit,—and such has been the settled law for nearly forty years; and it must be that if it is a suit for one purpose, it is for all purposes. But if it were not, in the case of *Burnap* v. *Wight, supra,* it was held to be where the Statute of Limitations is interposed to defeat the writ of error. So we may regard the question as at rest.

It, then, being established that a proceeding on a writ of error is, for all purposes, a suit, it follows, as was held in *Burnap* v. *Wight, supra,* that the Statute of Limitations may be interposed as a bar. Our statute has limited the suit to five years; and the 5057th section of the Revised Statutes

of the United States provides, that "no suit, either at law or in .equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee; and this provision shall not, in any case, revive a right of action barred at the time when an assignee is appointed." Congress had the unquestioned power to adopt this provision governing the action of the States and their courts, because the power had been conferred on it by the Federal constitution. This is, then, a rule by which the State courts are governed, and to which the State statutes must yield. The case of *International Bank of Chicago* v. *Jenkins*, 104 Ill. 143, is in point, and governs this case.

The Appellate Court ruled otherwise, and for this error its decree must be reversed and the cause remanded.

*Decree reversed.*

Subsequently, on an application for a rehearing, the following additional opinion was filed:

Per CURIAM: This case was .brought to this court by the International bank. The decree of the Appellate Court held that the limitation section of the Bankrupt act was not applicable, and did not control in this case. At the March term, 1883, of this court, a motion was entered to dismiss the writ of error, on the ground that the decree of the Appellate Court was not so far final as to authorize the bank to bring error to reverse the decree; but it was held that the writ was properly brought, and the motion was, at that term, overruled. When the writ of error went to the Appellate Court, it brought the entire record, and all the parties in the case, from that to this court. The .case could not be split up, and one portion be pending in this court and another

pending in the Appellate or the circuit court. When the bank sued out the writ the clerk of the Appellate Court was required to return the entire record, and the service brought the defendant in error before this court, and the reversal of the decree of the Appellate Court leaves that court to proceed with and hear the case, and render the proper decree. There is nothing in the record from which it appears a reversal of the decree of that court in anywise affects the rights of Mrs. Rankin. The merits of her case were not discussed in this court, and are therefore not passed upon. The decree of the Appellate Court is reversed only because of the error in holding that the plea of the bar of the statute of the Bankrupt act was not good as a defence. The rights of other parties to the record are not passed upon here, and the Appellate Court will dispose of their rights as equity may require, and not affected by the reversal on the sufficiency of the plea.