# The Singer & Talcott Stone Company v. Dillon B. Hutchinson et al.

1.  CORPORATIONS—*Recovery of Judgment Against, Does Not Estop Judgment Creditor from Pleading Nul Tiel Corporation.*—It is not essential to the maintenance of a suit and recovery of judgment therein against a corporation by its corporate name that it should be a corporation *de jure* for the purposes of its organization, but only that it have a corporate capacity to be sued and to defend, from which it follows that the recovery of judgment against a corporation does not estop the judgment creditor from pleading *nul tiel corporation* to a writ of error prosecuted to reverse such judgment.

2.  WRITS OF ERROR—*Are New Suits.*—The suing out of a writ of error is the commencement of a new suit, and after its charter has expired and the time allowed by law in which to bring suits has elapsed, a corporation has no right to sue out a writ of error.

**Assumpsit.**—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1897. Writ of error dismissed. Opinion filed December 23, 1897.

IRA W. & C. C. BUELL, attorneys for plaintiff in error.

T. A. MORAN, and BARNUM, HUMPHREY & BARNUM, attorneys for defendants in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is a writ of error to reverse a judgment secured by the defendants against the plaintiff. The record was filed here, and the writ sued out September 8, 1897. The defendants have filed a plea which, omitting the title, etc., is as follows:

"And the defendants in error, Dillon B. Hutchinson and William W. Post, by Thomas A. Moran and Barnum, Humphrey and Barnum, their attorneys, come and defend the wrong and injury, when, etc., and say that the plaintiff in error ought not to have the aforesaid action, by writ of error herein, against these defendants, because they say

that there is not, nor was, at the time of the commencement of this suit, nor for two years prior thereto, any such corporation as Singer and Talcott Stone Company; and of this the said defendants in error put themselves upon the country," etc.

Plaintiff has demurred to the plea, claiming that the defendants are estopped by the record to say that plaintiff is not a corporation. Plaintiff claims that the defendants are estopped because it appears by the record that, in the trial court, the defendants here sued the present plaintiff and recovered judgment against it, as a corporation. This proposition necessarily assumes that to entitle the defendants to so sue and recover judgment against the plaintiff, it was essential that the plaintiff, at the times respectively when it was sued and judgment recovered, should have been a corporation *de jure* for the purposes of its organization, and not merely a corporation for the purpose of the enforcement of remedies against it, because, manifestly, if this was not essential, such suit and recovery were not, nor was either of them, in law, an admission that plaintiff was such corporation *de jure*, and the defendants are not estopped as claimed. The question therefore is, whether it was essential, to entitle defendants to sue and recover, that the plaintiff should have been a corporation *de jure* at the times, respectively, of the suit and recovery. The record shows that the plaintiff was incorporated under and by virtue of an act entitled "An act to authorize the formation of corporations for manufacturing, mining and mechanical purposes," in force February 18, 1857 (Sess. Laws 1857, p. 161); that, by the certificate executed and acknowledged under section 1 of that act, its corporate existence was limited to twenty years from the date of the license authorized by section 3 of the act, and that the date of the license was April 20, 1872. Therefore, the corporate existence of plaintiff expired April 20, 1892.

It also appears from the record that the plaintiff in error moved in arrest of judgment, in the trial court, on the express ground that its charter expired by limitation April 20, 1892,

and the ninth assignment of error here is, that the trial court erred in overruling the motion for arrest of judgment, proof having been made that plaintiff's charter had expired, and that, before the commencement of the suit against it by defendants, it was civilly and legally dead.

In 1869 an act was passed entitled, "An act to amend an act entitled 'Abatements,' approved March, 1845, and to extend the time for closing up the affairs of corporations," in force March 24, 1869, (Sess. Laws 1869, p. 1,) sections 1, 2 and 3 of which are as follows :

" Section 1.   Be it enacted by the people of the State of Illinois, represented in the General Assembly:   That all corporations created by special acts or under general laws, and whose charters or acts of incorporation may have expired for any reason whatever, shall continue their corporate capacity during the term of two years for the sole purpose of collecting the debts due to said corporation, selling and conveying the property and estate thereof.

Section 2.   The said companies shall use the name of their respective corporations for the purpose aforesaid, and shall be capable of prosecuting and defending all suits at law or in equity.

Section 3.   The dissolution, for any cause whatever, of any company created as aforesaid, shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution."

By virtue of section 1 of the act the corporate capacity of plaintiff, for the sole purpose of collecting any debts due to it, and for selling and conveying its property, was continued for two years, or until April 20, 1894, and during that time it was authorized by section 2 of the act to prosecute suits for the purpose mentioned in section 1.

By section 3 it is expressly provided that the dissolution of the corporation shall not impair or take away any remedy against the corporation, its stockholders or officers, for any liabilities incurred before its dissolution.   By necessary implication, if not by the express words of section 3 of the

act, the plaintiff was authorized to defend any suits brought against it at any time after its dissolution for liabilities incurred before such dissolution.   There is no limitation in the act to the bringing of suits against it, and none existed save such as are prescribed by the statute of limitations.   It is not true, therefore, as assumed by counsel for plaintiff, that it was essential, to maintain the suit and recover judgment against the plaintiff by its corporate name, that it should have been a corporation *de jure* for the purposes of its organization, but only that it had a corporate capacity to be sued and to defend, from which it necessarily follows that the suing it and the recovery of judgment against it, as a corporation, do not estop the defendants to plead *nul tiel corporation.*

Counsel refer to sections 11 and 12 of the act of 1872, which, although they contain substantially the same provisions as the act of 1869, are not applicable to plaintiff, because their application is expressly limited by section 10 of the act of 1872 to corporations organized under that act, and plaintiff was organized under the act of 1857.   1 Starr & Cur. Stat., p. 1006, Sec. 10.   By the act of 1869 the plaintiff was limited to two years from and after the expiration of its charter, or until April 20, 1894, in which to bring suits, notwithstanding which limitation it contends by its counsel that it had lawful right to sue out this writ of error September 8, 1897.

That the suing out a writ of error is a suit, is the settled law of this State.   Life Ass'n of Am. v. Fassett, 102 Ill. 315, 329, 330; International Bank v. Jenkins, 107 Ill. 291; McIntyre v. Sholty et al., 139 Ill. 171.   In International Bank v. Jenkins, *supra*, the court say of a writ of error, "It must be that if it is a suit for one purpose it is a suit for all purposes," and counsel for the plaintiff here say that this language of the court was mere *obiter dictum.*   In this we can not agree with counsel.   The case was error to reverse a judgment of the Appellate Court in Jenkins v. International Bank, 9 Ill. App. 451, and in the latter case the court, McAllister, J., delivering the opinion,

says, "A writ of error, then, is in the nature of a suit or action when it is to restore the party who obtains it to the possession of anything which is withheld from him, not when its operation is entirely defensive," and the case was decided by the Appellate Court on the express ground, among others, that the suing out the writ of error by Jenkins was entirely defensive, and so not within the meaning of a statute limiting suits to two years. Therefore the statement of the Supreme Court that " if a writ of error is a suit for one purpose it is for all purposes," was not *obiter dictum*, but strictly relevant to the case before the court. This is also apparent from the brief of counsel for plaintiff in error in that case.

The demurrer to defendants' plea is overruled, and the plaintiff electing to abide by its demurrer, the writ of error is dismissed.