(No. 15204.—Reversed and remanded.)

THE GREAT NORTHERN REFINING COMPANY, Appellant, *vs.*
THE D. K. JEFFRIS LUMBER COMPANY *et al.* Appellees.

*Opinion filed April 18, 1923—Rehearing denied June 7, 1923.*

1. APPEALS AND ERRORS—*suing out writ of error is beginning of a new suit.* The suing out of a writ of error is the beginning of a new suit, and the assignment of errors as prepared and presented stands as the declaration of the plaintiff in error.

2. SAME—*plea of former adjudication to a writ of error confesses that there are errors.* If a defendant in error files a plea of former adjudication or any other plea to a writ of error except the plea of release of errors, such plea is a confession that there is error in the record, and where such plea is held not sufficient because not supported by the proofs or because bad in law the judgment must be reversed without considering the alleged errors.

3. SAME—*section 109 of Practice act applies only to plea of release of errors.* Section 109 of the Practice act, providing that "a plea of release of errors, though adjudged bad or not sustained, shall not deprive the defendant of the right to join in error," does not apply to all pleas in bar of a writ of error but applies only to the plea of release of errors, as the language is unambiguous and must be held to mean what it plainly expresses.

4. SAME—*judgment for appellant cannot be given though plea in bar of writ of error is bad.* While a judgment or decree must be reversed upon the holding that a plea of former adjudication in bar of a writ of error is bad in law, judgment cannot be rendered for the plaintiff in error or appellant but the cause must be remanded to the trial court for a new trial, as the reversal is based upon the confession of error arising from the filing of the plea.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

THOMAS McCALL, (HOPKINS, STARR & HOPKINS, of counsel,) for appellant.

OTTO GRESHAM, and ORPHEUS HARDING, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment of the municipal court of Chicago in favor of D. K. Jeffris and others, who were defendants in the municipal court. On petition of the Great Northern Refining Company, a corporation, plaintiff below, the Appellate Court granted a certificate of importance, and the case has been brought here on appeal.

The action was one of *detinue* commenced in September, 1920, in the municipal court of Chicago by the Great Northern Refining Company, a corporation, against D. K. Jeffris, the D. K. Jeffris Lumber Company, a corporation, and the Cairo Wood Products Company, a corporation, to recover the value of approximately 600,000 feet of lumber and $50,000 damages for the detention thereof. The lumber was alleged to be worth $45,000. The cause was tried before the court without a jury.

Some of the facts appear to be, that during May, 1919, negotiations were had between John E. Shatford, president of the appellant company, and D. K. Jeffris, who was during his lifetime (he having died while the case was pending

in the Appellate Court) an official of and probably majority owner of the stock of the corporations which are appellees here, relative to the construction of several barges for the plaintiff by a company to be incorporated and organized by Jeffris. As a result of the negotiations a written contract was entered into between the Great Northern Refining Company and the Cairo Manufacturing Company whereby several barges were to be built, under certain conditions and considerations, for plaintiff by the Cairo Manufacturing Company. It seems the Cairo Manufacturing Company was never organized by Jeffris but the company incorporated was the Cairo Wood Products Company, and thereafter all business dealings were carried on with and through one or the other of the defendant corporations controlled by Jeffris. The plaintiff made various payments on the lumber to be used in the manufacture of the barges and also paid some additional money under the contract. The delivery of the lumber was to be made and the construction work was to be done at the lumber yard and dock of Jeffris' companies, at Cairo, Illinois. Due to some changes in the specifications of the barges and other causes the work of construction was not carried out as originally contemplated, though it seems some work was done on some of the lumber in its preparation for use as planned. Finally the construction work ceased, and some negotiations were had between the parties about disposing of the materials purchased for barge construction. During July, 1920, the Jeffris Lumber Company sold all the lumber, which brought $25,236.13, as well as other materials which sold for $7157.36, and retained all of the money realized from the sale, claiming the damages to it on account of plaintiff's breach of contract were much greater than the sum received from the sale of the materials in question. The lumber, only, is involved in this litigation, plaintiff claiming to have known nothing about the sale of the other materials at the time of beginning this action. The plaintiff took the position that the

lumber belonged to it, as evidenced by certain bills of sale offered on the trial, and that no authority had been given the Jeffris Lumber Company to sell the lumber, and plaintiff made demand for a return thereof. The Jeffris Lumber Company refused delivery and claimed it was authorized to make the sale by express directions from Shatford while in Jeffris' office on or about May, 1920. It also set up other defenses, one of which was that the bills of sale given the plaintiff were only for the accommodation of plaintiff, whereby it might borrow money thereon, and were, in fact, in the nature of chattel mortgages.

On the trial in the lower court various findings of fact were submitted as well as propositions of law. Some were held by the court and some were refused. The lower court, however, on November 18, 1920, found for the defendants, the Jeffris companies. After motion for new trial was denied the plaintiff sued out a writ of error in the Appellate Court for the First District. That writ of error was returnable to the March, 1921, term of that court, and on account of the failure of plaintiff to file its briefs and abstracts within the time prescribed by the rules of the Appellate Court, that court on April 29, 1921, dismissed the writ of error. A second writ of error was sued out of the same court, returnable to the October, 1921, term. Motions were then made by defendants for the dismissal of the second writ of error for the reason that the dismissal of the first writ of error by the Appellate Court constituted an affirmance by that court of the judgment of the municipal court. On October 7, 1921, the Appellate Court denied the motion to dismiss. Later, and on December 20, 1921, counsel for defendants gave notice to counsel for plaintiff that defendants had on that day filed in the Appellate Court "a plea of former adjudication," which plea was accordingly filed, setting up that plaintiff should not be permitted to maintain the writ of error because all errors assigned therein had been passed upon and adjudicated by the Appellate

Court on the former writ of error sued out to the March term of that court and the disposal of it was an affirmance of the judgment of the municipal court. On December 23, 1921, plaintiff filed a replication to the plea of defendants, setting up therein that the judgment of the municipal court which the second writ of error sought to have reversed had not been previously affirmed by the Appellate Court, and further alleging the reason for the dismissal of the former writ of error was that briefs and abstracts had not been filed within the time prescribed by the Appellate Court rules. Suggestions in support of the plea of defendants were filed, in which counsel stated, "We are not pleading a release of errors; we are pleading a former adjudication." The Appellate Court held the plea bad and overruled it and the motion to dismiss the writ. Plaintiff then made a motion to reverse the judgment of the municipal court and enter judgment in the Appellate Court for plaintiff on the finding of the Appellate Court upon the plea and replication. This motion the Appellate Court took under advisement with the case. The Appellate Court filed an opinion affirming the judgment, but in that opinion did not refer to plaintiff's motion to reverse and render judgment in its favor. A petition for rehearing was filed and the Appellate Court delivered another opinion passing on and denying the motion.

Among the errors assigned is the failure of the Appellate Court to reverse the judgment of the court below on holding the plea of defendants bad. It is contended by counsel for plaintiff that when the plea filed in the Appellate Court by defendants was held bad, it was under the law of this State the duty of that court to reverse the judgment of the trial court. As the judgment must be reversed on that assignment of error it will not be necessary or proper to refer to the other errors assigned.

Where it is sought to have a case reviewed by an appellate court, the assignment of errors as prepared and presented stands as the declaration of the plaintiff in error.

The suing out of the writ of error is the beginning of a new suit.   (*International Bank* v. *Jenkins,* 107 Ill. 291; *George* v. *George,* 250 id. 251; *Cass* v. *Duncan,* 260 id. 228.)   If the defendant in error files a plea thereto, such plea is, in effect, a confession of error in the record.   It has long been the holding in this State that where pleas in bar are filed in an appellate court to a writ of error, such as pleas of release of errors, former adjudication or Statute of Limitations, and such pleas are held not sufficient because they are not supported by the proofs or because bad in law, such pleas confess that there is manifest error in the record, and the judgment or decree must be reversed whether the alleged errors in fact exist or not, and the court refusing to sustain the pleas will not consider whether the errors are or are not correctly assigned.   *Austin* v. *Bainter,* 40 Ill. 82; *Thornton* v. *Houtze,* 91 id. 199; *George* v. *George, supra.*

In the revision of the Practice act in 1907 the legislature enacted section 109, which is as follows: "A plea of release of errors, though adjudged bad or not sustained, shall not deprive the defendant of the right to join in error."   Since that statute was enacted we have held when a plea of release of errors is not sustained, leave must be given defendant in error to join in error and file briefs if he so desires.   Whether that section applied in case a plea of former adjudication was held bad was not referred to in the opinion filed by the Appellate Court, and no reference was made to the motion of the plaintiff in error in that court that the judgment be reversed, which motion was taken under advisement with the case.   On a petition for rehearing being filed the Appellate Court delivered an additional opinion, in which the court passed on the question raised by plaintiff in error.   The court held section 109 applied in the case of any plea in bar being held bad and was not limited in its application to pleas of release of errors; that prior to the enactment of that section a judgment of reversal would have been required where the plea was held

bad, but that requirement was changed by section 109. Prior to 1907 the decisions were uniform that when pleas in bar (which include pleas of former adjudication) were filed to a writ of error and were not sustained because bad in law or not supported by the proof they amounted to a confession of error, and the judgment was required to be reversed regardless of whether the errors assigned in fact existed. We must assume the legislature was familiar with the rule, for it was announced in many decisions, from *Austin* v. *Bainter, supra,* down to the enactment of section 109. *Schaeffer* v. *Ardery,* 238 Ill. 557, was decided in 1909, and held that since the passage of section 109, when defendant in error pleads a release of errors, if the plea is adjudged bad he had the right to join in error; and that is still the law by virtue of said section, but there has been no decision of this court that by virtue of the statute the rule applied to any other plea in bar than a plea of release of errors. Section 109 changes that rule as to a plea of the release of errors, but does it change the rule as to pleas of former adjudication and all pleas in bar? The rule announced in the decisions was the law of this State, and an act of the legislature was required to change the rule. In the act changing it, the change, by the language of the act, was limited to pleas of release of errors. The legislature knew the rule applied to other pleas in bar, such as pleas of former adjudication, and it seems apparent if it had been intended section 109 should apply in cases of other pleas in bar the legislature would have said so and not have restricted the language of the act to the mention only of pleas of release of errors. It was the view of the Appellate Court that it must have been the intention of the legislature to change the rule as to all pleas in bar which were held bad or not sustained. If there were any language in the act from which such an intention was made to appear it would be proper to construe the statute so as to give effect to the legislative intent. If the language is plain and unambigu-

ous it must be held to mean what it plainly expresses. (*Illinois Central Railroad Co.* v. *City of Chicago,* 173 Ill. 471; 2 Lewis' Sutherland on Stat. Const. sec. 367.) It is a general rule that the mention of one thing implies the exclusion of another thing. The language of section 109 is plain and unambiguous, and contains nothing which implies or indicates an intention to make it apply to anything but a plea of release of errors. It indicates the legislature intended the long-established rule to continue, with the single exception of a plea of release of errors. Nothing in the statute would authorize it to be construed otherwise. The Appellate Court, therefore, erred in not reversing the judgment when it held the plea bad.

Appellant contends the Appellate Court should have reversed the judgment and rendered judgment in its favor, and that this court should, upon reversing the judgment, render judgment for it. We do not agree with that contention. If the Appellate Court had reversed the judgment,—as we hold it should have done,—it would have been its duty to remand the case for a new trial. The judgment in the trial court was for defendants. A reversal because its plea was not sustained did not authorize a judgment for plaintiff for its demand. Such a reversal by the Appellate Court was made necessary because the plea amounted to a confession of error, and when it was overruled the court was required to reverse the judgment, but it by no means followed that it should have rendered judgment for the plaintiff. The order on reversal should have been that the case be remanded to the municipal court for a new trial. Neither is this court authorized to render judgment for plaintiff.

We see no necessity for remanding the case back to the Appellate Court with directions to reverse the judgment and remand the case to the trial court, and the judgment will be that the judgments of the Appellate and municipal courts be reversed and the cause remanded to the municipal court.

*Reversed and remanded.*