Rockford Trust Company, Defendant in Error, v. Frank
S. Regan et al., Plaintiffs in Error.

Gen. No. 9,059.

Opinion filed January 18,
1937. Rehearing denied February 20, 1937.

FRANK S. REGAN, of Rockford, and ROBERT W. BESSE,
of Sterling, for plaintiffs in error.

EARLY & EARLY, for Diamond Osborne Oil Co.

MR. JUSTICE WOLFE delivered the opinion of the
court.

On June 9, 1933, the Rockford Trust Company of
Rockford, Illinois, filed a suit in the circuit court of
Winnebago county, against Frank S. Regan and others
to foreclose a deed of trust signed by the defendants
and secured by real estate in said county. The defend-
ant filed a demurrer to the bill, which was overruled
and they then filed their answer. On the trial of the
case, the court found the issues in favor of the plain-
tiffs and entered a decree of foreclosure and sale. The

abstract does not show the date of the decree, but an examination of the record discloses the same was signed and filed in the clerk's office on January 19, 1934. A writ of error was sued out of this court and the record filed on January 18, 1936. Plaintiffs in error filed their abstracts and briefs April 15, 1936. The Diamond Osborne Oil Company, one of the plaintiffs, filed its limited and special appearance to the jurisdiction of the court and moved the court to dismiss the writ of error herein, or appeal, because the decree sought to be appealed from was entered January 19, 1934, and more than one year has elapsed before the filing of the record in this court. Suggestions and counter suggestions in favor and against this motion to dismiss have been filed by the interested parties.

This suit was instituted and filed under the old Practice Act, that is, prior to January 1, 1934. On January 4, 1934, the Rockford Trust Co., and others, entered their motion in said court that all proceedings in the above and entitled cause should not be governed by the Civil Practice Act of January 4, 1934, but should continue under the former Practice Act. On January 5, 1934, the court entered an order that the proceedings in said cause should continue under the old Practice Act.

It is the contention of the plaintiffs in error that this order gives them the right to sue out a writ of error any time, within two years, from the date that the decree was entered, while the defendants in error contend that all appeals must be governed by the new Practice Act.

Rule One of the Supreme Court is as follows: ''All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments or decrees entered by trial courts on or after January 1, 1934. All suits in which a summons

has been issued prior to January 1, 1934, but in which no pleadings have been filed by either party prior thereto, shall be governed by the Civil Practice Act. The provisions of the Civil Practice Act with respect to service of process issued on or after January 1, 1934 (sections 6, 10, 13–19,) appearance (section 20,) and trial practice (sections 48–73) shall apply to proceedings instituted prior to January 1, 1934, and not on trial prior to that day. Except as provided by this rule, or by written stipulation of the parties, or by order of the court, upon notice and motion, proceedings instituted prior to January 1, 1934, shall not be governed by the Civil Practice Act.''

Rule 28 of the Supreme Court provides: ''The provisions of the Civil Practice Act and the rules of this court referring to notice of appeal, appellant and appellee shall, to the extent applicable, include writ of error, plaintiff in error and defendant in error in criminal cases and in civil cases where writ of error is preserved as a method of review. If a writ of error be improvidently sued out in a case where the proper method of review is by appeal, or if appeal be improvidently employed where the proper method of review is by writ of error, this alone shall not be a ground for dismissal, but if the issues of the case sufficiently appear upon the record before the court of review, the case shall be considered as if the proper method of review had been employed.''

Rule 29 in part is as follows: ''No petition for an order granting leave to appeal from the trial court shall be entertained by the Supreme or Appellate Court unless made within one year after the entry of the order, decree, judgment or other determination complained of.''

In the case of *Great Northern Refining Co. v. Jeffris Lumber Co.,* 308 Ill. 342, 346, the Supreme Court uses this language: ''Where it is sought to have a case re-

viewed by the Appellate Court the assignment of error as prepared and presented, stands as the declaration of the plaintiff in error. The suing out of a writ of error is the beginning of a new suit." *International Bank v. Jenkins,* 107 Ill. 291; *George v. George,* 250 Ill. 251; *Cass v. Duncan,* 260 Ill. 228. Under the old Practice Act, an appeal was not considered a new suit, but a continuation of the proceeding below. Section 74, subsection 1 of the new Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 202; Jones Ill. Stats. Ann. 104.074, is: "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error." It will be noted that the above section expressly provides the method to be pursued by the parties in order to have this case reviewed by the higher court, and the Statute expressly provides that it constitutes a continuation of the proceedings in the court below.

The decree of the trial court in the present case was entered January 19, 1934, which was after the present Practice Act went into effect. The order of the trial court in proceeding under the old Practice Act applied only until the final decree or order of court was signed.

It is our conclusion that the writ of error in the present case was not the proper remedy, but this would not be fatal to the plaintiff in error's rights, as it could be considered by this court as an appeal from the trial court, if the same had been presented in the statutory time. The rule of court expressly provides that all appeals shall be filed within one year from the time of the

final order or decree of trial court. The records show that this writ of error was not filed within the statutory period, therefore, this court is without authority to pass upon the merits of the same.

The motion to dismiss the writ of error should be and is hereby sustained.

*Writ of error dismissed.*