THOMAS L. MORGAN

*v.*

OLVIN F. RAYMOND.

1. CONTINUANCE—*on a second application.* Though a motion at a previous term, to continue a cause, on a sufficient affidavit be denied, and the cause

goes over, for other reasons, without a trial at that term, still, at a subsequent term, the party who sought such continuance has a right to present another affidavit for a continuance, and if it shows sufficient facts, and diligence, the court has no discretion, but must grant the application.

2. SAME—*what constitutes diligence.* The second application was made at the December term, 1864, and to show diligence, the affidavit states that towards the latter part of the October previous, the party, for the first time, learned he could prove certain material facts by two witnesses who resided in Wisconsin. That immediately upon learning that he could prove such facts by them, he sued out a *dedimus* for their examination, and a commissioner was appointed in Wisconsin to take the deposition, and the commission, with interrogatories and cross-interrogatories, were duly forwarded to the commissioner; that after waiting a proper time for the return of the commission, and not being returned, he sent a messenger to ascertain the cause, and then, for the first time, learned that the commissioner had gone south before the commission reached him, and would be gone six weeks, and that one of the witnesses had also left; that there was only a weekly mail between the residence of the witness and commissioner and Chicago where the suit was pending. This was held to be sufficient diligence to entitle the party to a continuance.

APPEAL from the Superior Court of Chicago.

The case is sufficiently stated in the opinion of the court.

Messrs. PULVER and GREGORY, for the appellant.

Messrs. ARRINGTON and DENT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only point made on this record is, did the court err in refusing the continuance prayed for by appellant?

The action was assumpsit by appellee against appellant on certain promissory notes made by appellant to the order of C. A. Prescott & Co., and by them indorsed to appellee.

In the action, appellant pleaded *non-assumpsit,* and a special plea of payment to Prescott and Co. before the assignment. Issues were made up on these pleas, and the appellant then

presented an affidavit for a continuance on account of the absence of certain material witnesses residing in Wisconsin, which motion the court overruled. The cause, however, was passed over to another term, at which term, December term, 1864, the appellant presented an affidavit for a continuance, setting forth, in substance, that on issue being joined, the defendant filed his bill for a discovery and injunction against the plaintiff, which was granted, but the injunction was dissolved at the October term, 1864; that after the dissolution of the injunction, and toward the latter part of October last, the defendant, for the first time, learned he could prove by Alfred Foss and Abram. Eveland, the following facts: By Foss, that he saw the notes in the hands of C. A. Prescott, one of the payees, in the summer of 1861, that they were not indorsed; that Prescott admitted the payees were largely indebted to affiant, and that the notes were to apply on that indebtedness; that in the spring of 1863, he again saw Prescott, and he stated he had settled with affiant, and that the notes had been paid, but the notes were still in his possession, and he would make affiant pay them a second time—that he saw the notes in the hands of Prescott, after they became due, and he admitted they were to apply on the indebtedness of the payees to affiant. That immediately after he first learned that he could prove these facts, by the witnesses, he caused a *dedimus* to be sued out for their examination, and one Thorpe, a Notary Public for Wisconsin, appointed a Commissioner to take the depositions, and the Commission, with interrogatories and cross-interrogatories, were duly forwarded to this Commissioner; that after waiting a proper time for the return of the commission, and not being returned, he sent a messenger to ascertain the cause, and then, for the first time, ascertained that Thorpe had gone south—had left before the commission reached him, and would be gone six weeks, and that Foss had also left; that there is only a weekly mail between the residence of the witness and commissioner and Chicago, that he knows of no other witnesses by whom he can prove the same facts.

The Court overruled the motion, and required the defendant to go to trial, the result of which was, a verdict and judgment against him for the amount of the notes and interest.

We think the cause should have been continued on this affidavit; it shows merits and a diligent effort to take the deposition of the witness, and the materiality of the testimony. Though a motion, at a previous term, to continue the cause, on a different affidavit, was denied, still, at a subsequent term, a party has a right to present another affidavit for a continuance, and if it sets forth sufficient facts and shows diligence, the court has no discretion, but must grant the application.

For refusing the continuance, the judgment must be reversed and the cause remanded.

*Judgment reversed.*