## ELEANOR C. HALL

### *v.*

## ESTATE OF ELIZABETH C. HALE.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*when amount involved is determined by the pleadings.* If an appeal to the circuit court from an order allowing a claim against an estate is dismissed for want of prosecution, the amount involved is to be determined by the Supreme Court from the amended claim filed in the circuit court, upon the ground that where there is no trial of an issue of fact the amount involved is determined from the pleadings.

2. SAME—*jurisdiction of Supreme Court under section 8 of the Appellate Court act.* Under section 8 of the Appellate Court act, in all actions where there was no trial of an issue of fact in the lower court, appeals and writs of error may be prosecuted to the Supreme Court from the Appellate Court where the amount claimed in the pleadings exceeds $1000.

3. SAME—*jurisdiction of Supreme Court not affected by statement in affidavit for continuance.* If the amount stated in a claim filed in the circuit court against an estate exceeds $1000, the jurisdiction of the Supreme Court to entertain an appeal from the Appellate Court is not affected by a statement contained in an affidavit for continuance which may be construed as reducing the claim.

4. CONTINUANCE—*continuance is a matter of right if the affidavit discloses necessary facts.* Under section 42 of the Practice act a party is entitled to a continuance as a matter of right, if his affidavit discloses the necessary facts.

5. SAME—*when it is error to deny motion for continuance.* It is error to deny a continuance where the affidavit discloses that the commissioner who took the deposition of an indispensable witness refuses to deliver or file the same except upon payment of illegal charges, and that the affiant has sued out another *dedimus* and will soon have the deposition ready to file.

6. FEES AND SALARIES—*litigant not bound to pay illegal fees to obtain deposition.* A litigant is not bound to pay illegal fees for the services of a notary in order to obtain possession of a deposition, and if such illegal fees are demanded the court should require the notary to accept the fees fixed by statute and file the deposition.

7. SAME—*court should supervise charges of commissioner under dedimus potestatum.* If the authority of a notary public to take a deposition rests upon his appointment by the court as commissioner, his charges should be supervised by the court and restricted to the charges allowed other officers by the statute for like services.

*Hall* v. *Muggeridge,* 103 Ill. App. 593, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

GEORGE W. HALL, (LAWRENCE M. ENNIS, of counsel,) for appellant.

ARCHIBALD CATTELL, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The motion to dismiss this appeal for want of jurisdiction, which was reserved to the hearing, must be denied. The ground of the motion is that the sum of $1000 is not involved in the litigation. Appellant presented in the probate court of Cook county a claim against Maria Muggeridge, appellee, executrix of the estate of Elizabeth C. Hale, deceased, and upon a trial before the probate judge was awarded a judgment of the seventh class in the sum of $550. The record does not disclose the amount of the claim as presented by the appellant. The executrix perfected an appeal to the circuit court of Cook county, and in that court the appellant asked, and was granted, leave to file an amended and additional claim. Under this leave the appellant filed an itemized claim in an amount aggregating the sum of $1046, for certain articles of household furniture, etc. It is contended, however, that the amount of the claim as thus specified by the appellant should not control in determining the amount involved in the litigation, for the reason that the appellant, in an affidavit for a continuance of the cause because of the absence of certain witnesses, stated that one of said witnesses would testify that the household furniture had been used, and was worth the amount stated in the claim less ten per cent for its use, etc. A deduction of ten per cent from the amount of the claim would reduce it to $941, hence the

insistence less than $1000 is involved. The court ruled the affidavits for continuance were insufficient and dismissed the cause for want of prosecution, at the cost of the appellant. The Appellate Court affirmed the judgment of the circuit court, and this appeal is prosecuted without a certificate of importance.

. There having been no trial of the issues of fact in the circuit court, so far as the right to appeal from the decision of the Appellate Court is concerned the case falls within the terms of the proviso to section 8 of the Appellate Court act, which reads as follows: "*And, provided further*, that in all actions where there was no trial on an issue of fact in the lower court, appeals. and writ of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds one thousand dollars ($1000.)" (1 Starr & Cur. Stat. 1896, p. 1154.) Pleading is a statement, in the legal form, of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense. (22 Am. & Eng. Ency. of Law,—2d ed.—837.) The pleading of a claimant in a proceeding in the probate court for a judgment against an estate is the claim prepared in accordance with the provisions of section 60 of chapter 3, entitled "Administration." (1 Starr & Cur. Stat. 1896, p. 293.) In *Russell* v. *Hubbard*, 59 Ill. 335, we held that the amount set forth as the alleged indebtedness in a claim filed against an estate should be given like effect as an *ad damnum* in a declaration, and that the amount of the recovery should be limited accordingly. The cause having been dismissed for want of prosecution there could have been no trial of any issue of fact, and therefore, under the said proviso to section 8 of the Appellate Court act, we are to look to the written claim or pleading of the appellant to determine the amount involved in the controversy. It appears from this claim or pleading that more than $1000 is involved, and the jurisdiction of this court cannot be affected by any statement in the affidavit for the con-

tinuance. We look to the pleadings of the claimant, the appellant, to determine the amount involved where there has been no trial of an issue of fact.

We think the circuit court erred in refusing to grant the appellant a continuance of the case or an extension of time in which to procure her testimony, and in dismissing the cause for want of prosecution. The appeal from the probate court was reached for trial on the regular call of the docket on the 6th day of March, 1901. In support of a motion for a continuance made on behalf of the appellant, affidavits were presented on that day to the court showing that George Kelly, Mrs. Elizabeth Moody, T. F. McNulty, Simon Straus and Frank R. Allen were material witnesses for the appellant and were not present. The affidavits stated, in detail, what the appellant expected to prove by each of the witnesses. Mrs. Moody was shown to be confined to her bed in child-birth, and the appellee consented to admit in evidence the statements of the affidavit as to her testimony. McNulty, Straus and Allen resided in Chicago, and the court held there was lack of diligence on the part of the appellant to have them in court. The affidavits, however, showed that the testimony of Kelly, who was a non-resident of the State, was indispensable to the prosecution of appellant's claim. The statements of the affidavit for a continuance as to the efforts made to secure the testimony of Kelly were as follows: "Affiant further says that in the latter part of October or the fore part of November, A. D. 1900, the above named claimant sued out of the clerk's office of said court a *dedimus potestatem* or commission, directed to William J. Farwell, as commissioner, to take the deposition of said George Kelly on behalf of said claimant; that on, to-wit, the 27th day of December, A. D. 1900, in pursuance of said commission, the deposition of said George Kelly was duly taken before said William J. Farwell, as commissioner, in the city of Chicago, Cook county, Illinois, at the taking of which depo-

sition all of the parties were present by their respective counsel. Affiant further says that he tendered to the said William J. Farwell the full amount of his fees for taking said deposition, as provided by statutes of the State of Illinois, and requested of said Farwell that he either deliver the said deposition to this affiant, as attorney for said claimant, or that he file the same in this court, but that said Farwell refused to either deliver said deposition to this affiant or to file the same in this court; that thereupon this affiant immediately applied to this court for a rule upon said commissioner to file said deposition in this court upon a payment or tender to him of the fees allowed him under the statutes of the State of Illinois for the taking of said deposition; that on, to-wit, the 16th day of February, A. D. 1901, this court denied the motion of said claimant for a rule on said Farwell to file said deposition, as aforesaid; that thereupon this affiant immediately, to-wit, on the 16th day of February, A. D. 1901, served a notice, together with a copy of interrogatories, as provided by statute, upon Archibald Cattell, as attorney for the executrix of said estate, that this affiant would, on February 26, A. D. 1901, sue out of the clerk's office of said court a *dedimus potestatem* to take the deposition of said George Kelly on behalf of said claimant, and says that on, to-wit, the 26th day of February, 1901, this affiant sued out of the office of the clerk of said circuit court a *dedimus potestatem* or commission, as provided by statute, for taking the deposition of George Kelly, a witness on behalf of said claimant, and that said commission was immediately forwarded to a notary public in and for the county of Iowa and State of Wisconsin, with the directions to take and return the deposition of said George Kelly at the earliest possible moment. Affiant further says that he is informed and believes that said George Kelly was, during the week ending March 2, absent and away from the said county of Iowa, and that the said George Kelly expected to return to said Iowa,

county some time during the week ending March 9, 1901, and that this affiant verily believes that said claimant will be able to obtain the deposition of said witness, George Kelly, to be read as evidence in said cause, if the same is continued for a few days or until the next term of this court."

In this connection may be also considered the following order which was entered by the court on the 16th day of February, 1901, to-wit: "And now comes the claimant, by George W. Hall, her attorney, and moves the court for a rule on William J. Farwell, commissioner, to file deposition of George Kelly, taken on behalf of said claimant in the above matter, upon being paid or tendered the fees allowed and provided by statute, and the court having considered the affidavit of George W. Hall, read in support of said motion, and the arguments of counsel for said claimant and William J. Farwell, said motion is overruled and denied."

The court, however, refused to continue the cause either for a short time or for the term, and the appellant being unable to present her evidence, the court ordered the cause to be dismissed for want of prosecution. On the 9th day of March, being on the fourth day after the entry of the order of dismissal, and being yet one of the days of the same term of court, appellant advised the court, counsel for appellee being present, that the deposition of said Kelly had been received and was on file, and entered her motion to vacate the order dismissing the cause for want of prosecution, but the court denied the motion.

Under the provisions of section 42 of chapter 110 of the Revised Statutes, entitled "Practice," a party is entitled to a continuance, as a matter of right, if his affidavit discloses the necessary facts. (*Morgan* v. *Raymond*, 38 Ill. 448.) But if the application in the case at bar should be deemed to be addressed to the discretion of the court we think it an abuse of such discretion to deny it.

It was made to appear to the court from the affidavit for a continuance and from the order entered by the court, hereinbefore set out, that the deposition of the witness Kelly had been taken before one William J. Farwell, as a commissioner, under a *dedimus potestatem* issued out of the court; that both parties were present and partici-- pated in the examination of the witness before said commissioner; that the said commissioner refused to file the deposition except upon the payment of more than the fees provided by the statute to be paid a commissioner for taking the deposition; that the appellant promptly applied to the court for an order requiring said commissioner to file said deposition on payment of the fees allowed and provided by statute, and that appellant, on the same day said order was entered, gave notice that she would sue out a *dedimus potestatem* to re-take the deposition of said Kelly; that she did procure said *dedimus* to be issued without delay, and that said Kelly resided in Iowa county, Wisconsin, but a short distance from Chicago, and that the deposition would be re-taken and on file ready to be used within a few days. It was made manifest to the court that the appellant could not proceed to trial without the testimony of Kelly, and equally clear that she could only get the deposition which had been taken before said Farwell by complying with the illegal demands of Farwell.

Counsel for appellee say: "The law does not require the notary to take in shorthand and transcribe the testimony for ten cents per hundred words. This deposition having been taken on a stipulation signed by counsel, it is to be presumed that some arrangement was made with the notary for transcribing the testimony. If his legal charges were excessive, it was the duty of appellant to pay his demand, file the deposition in court, and the court could then, with the deposition before it, determine whether the fees were excessive and compel a restitution of the excess."

The statute fixes the fees to be charged by a notary public for taking depositions, and we do not conceive it to be the correct rule that the appellant was bound to pay an illegal and exorbitant sum to the notary, or commissioner, for such services in order to obtain possession of the needed deposition. On the contrary, if such was the state of the case the court should have required the notary to accept the fees fixed by statute and place the deposition on file. If Farwell's authority to take the deposition rested on his appointment as commissioner to perform that service, his charges should have been supervised by the court and restricted to the charges allowed other officers by the statute for like services. The demand for an additional amount for transcribing the testimony from shorthand has no warrant in law but was illegal, and Farwell should not have been permitted to retain the deposition as a means of extorting payment of such illegal charges. This court has given expression to its views on this question in *Schnadt* v. *Davis*, 185 Ill. 476, and *Nutriment Co.* v. *Green Lumber Co.* 195 id. 324. But if the court had been powerless to protect the litigant from the unlawful charges, it should not have added to her injury by dismissing her cause for want of the deposition of Kelly. The appellant was not bound to submit to the demand of Farwell. The time intervening between the date of the order refusing to require Farwell to file the deposition on the payment of the fees fixed by statute for taking same and the time when the cause would come up for hearing was apparently sufficient to enable the appellant to give notice and re-take the deposition. She proceeded at once to do so. Nothing appearing in the record tends to indicate any lack of diligence in the effort to re-take the deposition. It was delayed, for some reason not chargeable to her, for four days after the day on which the cause was called for trial. She did not desire the cause should be continued beyond the term, but only to a later day in the term.

Had an extension of five days been given the cause might have been heard, and it appeared from the affidavit of the appellant and from the files of the court as to the issuance of the *dedimus,* that the deposition might reasonably be expected to be received and filed within that time. Under these circumstances the refusal of the court to extend the time for the hearing for a reasonable time to await the return of the deposition cannot be justified. Even if it was a matter within the discretion of the court to grant or refuse the motion for an extension of time we should feel compelled to hold the discretion was abused, and the action of the court could not be sustained for that reason.

The judgment of the Appellate Court and that of the circuit court are each reversed, and the cause will be remanded to the circuit court for such further proceeding as to law and justice shall appertain.

*Reversed and remanded.*