LINVILLE H. GEORGE et al. Defendants in Error, vs. SAM-
UEL E. GEORGE et al. Plaintiffs in Error.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. PRACTICE—*effect of plea of Statute of Limitations to writ of error.* The effect of a plea of the Statute of Limitations to a writ of error is to confess that there is error in the record for which the decree must be reversed, and if it is held that the Statute of Limitations does not apply a reversal of the decree must follow.

2. SAME—*right to review judgments by writ of error in cases involving a freehold is constitutional.* The jurisdiction of the Supreme Court to review, by writ of error, judgments or decrees in cases involving a freehold is not dependent upon statute but is conferred by the constitution, and the right of the parties to sue out a writ of error in such cases is a constitutional right, which must be allowed when claimed.

3. SAME—*the legislature cannot abridge right to writ of error where freehold is involved.* The legislature has no power to deprive the Supreme Court of jurisdiction to review freehold cases by writ of error nor to in any manner abridge such jurisdiction, but it may, by proper enactment, limit the time within which such writ may be sued out.

4. SAME—*section 117 of the Practice act is purely a statute of limitation.* Section 117 of the Practice act of 1907 merely limits the time within which writs of error may be sued out, and is purely a statute of limitation and must be construed as such.

5. SAME—*a writ of error is a new suit—statutes of limitation.* The suing out of a writ of error is the beginning of a new suit, and the rules which govern the application of statutes of limitation to other causes of action should be applied where that defense is pleaded to the writ.

6. SAME—*section 117 of Practice act, reducing time for suing out writ of error to three years, is not retroactive.* Following the general rule that a statute of limitation will not be given retrospective effect in the absence of an intention clearly manifested in the act itself, section 117 of the Practice act of 1907, reducing the time for suing out a writ of error to three years, must be held to apply only where the right to sue out such writ accrued after the act took effect and as not affecting pending rights, notwithstanding the parties had a reasonable time to sue out the writ after the act took effect.

CARTER, J., dissenting.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

DANIEL S. WENTWORTH, (HARVEY L. CAVENDER, of counsel,) for plaintiffs in error. . ·

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out to review a decree for the partition of real estate, entered in the superior court of Cook county on March 29, 1907. The writ was issued on September 20, 1910, and the defendants in error have filed their plea of the Statute of Limitations, alleging that under section 117 of the Practice act (Laws of 1907, p. 466,) the plaintiffs in error are barred from suing out their writ of error, the same not having been done within three years, as provided by said section. To this plea plaintiffs in error have filed a demurrer, claiming that they are not governed by the act of 1907 limiting them to three years within which to prosecute their writ of error, but that their rights accrued under the former statute and that they have five years' time in which to prosecute their writ, as provided by the law at the date of the decree. The only question to be determined is whether the act of 1907 applies to writs of error sued out to review judgments or decrees rendered prior to the passage of that act. If it be held that it does apply, then this writ must be dismissed. If it be held that it does not apply and the demurrer to the Statute of Limitations be sustained, then a reversal of the decree must necessarily follow, as the effect of the plea is to confess that there is error in the record for which the decree must be reversed. *Mahony* v. *Mahony,* 139 Ill. 14; *Peterson* v. *Manhattan Life Ins. Co.* 244 id. 329.

The jurisdiction of this court to review the judgments and decrees of trial courts in this class of cases by writs of error does not depend upon the statute. That jurisdiction is conferred by the constitution, and the right to sue out a writ of error is a constitutional right and must be allowed when claimed. (*Schlattweiler* v. *St. Clair County,* 63 Ill. 449.) Section 2 of article 6 of the constitution provides that the Supreme Court shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus,* and appellate jurisdiction in all other cases. Section 8 of the same article provides that appeals and writs of error may be taken to the Supreme Court. In this case a freehold is involved, and the parties to this decree have a constitutional right to sue out a writ of error in this court to review that decree. It is not within the power of the legislature to deprive the Supreme Court of the jurisdiction to review such cases by writs of error or in any manner to abridge that jurisdiction, but the legislature may by proper enactment regulate the practice in respect to writs of error and may limit the time within which writs of error may be sued out of this court. Section 117 of the Practice act of 1907 does not attempt or pretend to confer jurisdiction upon the Supreme Court to review judgments and decrees by writs of error, but merely limits the time within which such writs may be sued out. It is strictly a statute of limitations and must be construed as such.

We have repeatedly held that the suing out of a writ of error is the beginning of a new suit. (*Ripley* v. *Morris,* 2 Gilm. 381; *Roberts* v. *Fahs,* 32 Ill. 474; *International Bank* v. *Jenkins,* 107 id. 291; *Singer & Talcott Stone Co.* v. *Hutchinson,* 176 id. 48.) The rules which govern the application of statutes of limitations to other causes of action should therefore be applied here. In the early case of *Thompson* v. *Alexander,* 11 Ill. 54, it was held that the amendment of February 10, 1849, to the Limitation act operated only in causes of action accruing after it took effect.

That was an action in debt, brought on a promissory note maturing May 11, 1838. The defendant pleaded the Statute of Limitations, and set up that the cause of action had accrued more than five years before the commencement of the suit. Prior to the amendment of February 10, 1849, actions in debt could be brought on promissory notes at any time within sixteen years after the right of action accrued. That act limited the bringing of such actions to five years, and we held that a retrospective effect will not be given to such an act unless it clearly appears that such was the intention of the legislature, which intention must be manifested by clear and unequivocal expressions; and in the absence of any such intention of the legislature having been so manifested, it was further held that the provisions of that act should only apply to causes of action arising after it went into operation, and the judgment of the trial court in sustaining a demurrer to the plea of the Statute of Limitations was affirmed.

*Hathaway* v. *Merchants' Trust Co.* 218 Ill. 580, was a case where letters testamentary had been issued on January 13, 1903, and on May 2, 1904, the Merchants' Loan and Trust Company filed its claim against the estate, which was allowed on July 25, 1904. At the time the letters were issued, claims were allowed to be filed against estates within two years from the date of the granting of letters testamentary. On May 15, 1903, the Administration act was so amended as to require all claims against estates to be filed within one year from the date of granting of letters testamentary, and it was contended in that case that the claim of the Merchants' Loan and Trust Company should not have been allowed because it was not filed in the probate court within one year from the granting of letters testamentary. In that case we held that the section of the Administration act fixing the time for filing claims against an estate is not a statute conferring jurisdiction but is a limitation act, which will not be given retroactive effect in

the absence of clear legislative intention, and that that act, as amended by the act of 1903 reducing the time for filing claims to one year, does not apply to claims against an estate upon which letters testamentary had been granted before the act took effect. There is nothing in section 117 of the Practice act of 1907 which indicates that the legislature meant it to be retroactive in its effect. Its provisions in that respect are similar to those of the amendment of May 15, 1903, to the Administration act, which was construed in the *Hathaway case.*

In addition to the general rule that limitation acts will not be given a retroactive effect in the absence of clear legislative intention, section 4 of the act to revise the law in relation to the construction of statutes provides that no law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any right accruing or claim arising under the former law, or in any manner whatever to affect any right accruing or claim arising before the new law takes effect. The right of plaintiffs in error to sue out a writ of error from this court to review the decree of the superior court of Cook county, and thus begin a new suit, accrued at the time that decree was entered, and therefore was a right accruing under the law in effect at that time. The statute at that time provided that a writ of error should not be brought after the expiration of five years from the rendition of the decree or judgment complained of.

Defendants in error insist, however, that as this decree was rendered on March 29, 1907, and the new Practice act became effective on July 1, 1907, plaintiffs in error had almost three years within which to sue out this writ of error after that act became effective, and that as this must be held to be a reasonable time, the new limitation should prevail in this case. This act must be applied generally to all causes of action accruing before the act of 1907 became effective. It cannot be said that the act will apply in one case and not

in another. (*Hathaway* v. *Merchants' Trust Co. supra.*) Applying the rule of uniformity, the question whether a reasonable time was left plaintiffs in error within which to sue out their writ of error is not open for our decision.

For the reasons given the demurrer must be sustained and a reversal of the decree must follow.

The decree of the superior court is reversed and the cause remanded.               *Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.