## Charles J. Schwartz, Plaintiff in Error, v. Chicago, Rock Island & Pacific Railway Company, Defendant in Error.

## Gen. No. 17,340.

STATUTE OF LIMITATIONS—*when amendment not retroactive.* The amendment which reduces the time within which a writ of error must be sued out is not retroactive.

Error to the Superior Court of Cook county; the HON. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed December 5, 1911. Rehearing denied December 19, 1911. *Certiorari* denied by Supreme Court (making opinion final).

HENRY S. WILCOX and EDWARD F. COMSTOCK, for plaintiff in error; JESSE WILCOX, of counsel.

M. L. BELL and A. B. ENOCH, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

In this case there was interposed by the defendant in error a plea of the Statute of Limitations to the writ of error. To this plea a demurrer has been filed by the plaintiff in error. The case now comes before us on the motion of the plaintiff in error that the demurrer be sustained and the judgment be reversed and the cause remanded.

The record in this case shows that judgment was rendered in the Superior Court on February 17, 1906. The writ of error was sued out February 16, 1911. The plea avers that the plaintiff in error ought not to have his writ of error against the defendant in error because the writ of error was sued out more than three years after the rendition of the judgment complained of.

Prior to the enactment of the present Practice Act, which went into effect July 1, 1907, the time limit for

suing out of writs of error was five years after the rendition of judgment. By section 117 of the present act the time is limited to three years. In the present case, therefore, it is apparent that if the Practice Act of 1907 is to apply then the demurrer to the plea should be overruled and the plea sustained. It has been held, however, that section 117 is not retroactive, and that as to all cases wherein judgment was rendered prior to July 1, 1907, the period of limitation is five years from the rendition of judgment. George v. George, 250 Ill. 251.

The case last cited is also authority for the proposition that the effect of the plea of the Statute of Limitations to a writ of error is to confess that there is error in the record, for which the judgment or decree must be reversed. It follows, therefore, that under the pleadings in the present case the judgment should be reversed and the cause remanded. An order to that effect will be entered.

*Reversed and remanded.*

MR. PRESIDING JUSTICE BALDWIN did not participate in the decision of this case.