KATHARINE SHARP CASS, Plaintiff in Error, *vs.* W. E. DUNCAN *et al.* Defendants in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 3, 1913.*

1. APPEALS AND ERRORS—*effect of assignment of errors on a writ of error.* The suing out of a writ of error from the Supreme Court is the commencement of a new suit, and the assignment of errors on the record performs the office of a declaration, each item of the assignment being regarded as a count.

2. SAME—*defendant in error may confess error, join in error or plead a release of errors.* A defendant in error may confess error or he may join in error, which operates as a demurrer to the assignment of errors, or he may plead some subsequent fact operating to release the errors assigned and to bar the prosecution of the writ.

3. SAME—*when plea of release of errors is not good.* Where a writ of error is sued out to review a judgment of the circuit court quashing a writ of *certiorari* bringing up the record of highway commissioners in a proceeding to open a road over certain land, a plea of release of errors setting up a fact which would have furnished a ground for refusing the writ of *certiorari* or for dismissing it but which was not included in the return as a matter of record to be considered by the circuit court on the hearing is not a good plea.

4. SAME—*what must be alleged in a plea of release of errors.* A plea of release of errors must allege some fact which would be effective to waive or release the errors of the court assigned upon the record.

5. CERTIORARI—*office of common law writ of certiorari.* The only office of the common law writ of *certiorari* is to bring before the court the record of the proceeding of an inferior tribunal for inspection, and the only judgment to be rendered is that the writ be quashed or that the record of the proceedings be quashed.

6. SAME—*hearing in certiorari is upon the record.* The trial upon the return made in obedience to a common law writ of *certiorari* is upon the record, alone, as disclosed by the return, and not upon any allegation of the petition nor any issue of fact.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

S. H. CUMMINS, for plaintiff in error.

SMITH & FRIEDMEYER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A common law writ of *certiorari* was ordered upon the petition of Noah Cass and was issued, returnable at the September term, 1910, of the circuit court of Sangamon county, directed to the defendants in error, the town clerk and commissioners of highways of Buffalo Hart township and a justice of the peace, directing them to certify to said court the record of their proceedings in laying out a road for private and public use over the lands of the petitioner. The defendants in error made return in compliance with the writ, and on March 26, 1912, the death of Noah Cass having been suggested to the court, the plaintiff in error, Katharine Sharp Cass, his widow, devisee and successor in title, was substituted for him. On a hearing the court quashed the writ and rendered judgment against plaintiff in error for costs. A writ of error was sued out of this court to review the judgment of the circuit court and errors were assigned on the record. To the assignment of errors the defendants in error filed a plea of release of errors, to which the plaintiff in error demurred, and the issue of law raised by the demurrer was submitted for decision.

The facts alleged by the amended plea are, that the amount of damages assessed by the jury at $150 was tendered to Noah Cass; that he refused to receive the money, and thereupon it was deposited in the State National Bank of Illinois, at Springfield, for him; that he was notified of the deposit, and on April 6, 1910, he received and accepted the sum of $150 so deposited, and that at the time of the hearing of the cause in the circuit court and of entry of judgment therein the defendants in error had no knowledge that Noah Cass, in his lifetime, had received and accepted said sum of $150 tendered and paid as damages for the opening of the road.

The suing out of a writ of error from this court is the commencement of a new suit, and the assignment of errors on the record performs the office of a declaration, each item of the assignment being regarded as a count. (*Williston* v. *Fisher*, 28 Ill. 43; *Ditch* v. *Sennott*, 116 id. 288; *Davis* v. *Lang*, 153 id. 175.) The defendant in error may confess error or join in error, which operates as a demurrer to the assignment of errors, or he may plead some subsequent fact operating to release the errors assigned and to bar the prosecution of the writ. The plea under consideration does not state any fact which could operate as a release of any error assigned. The only office of the common law writ of *certiorari* is to bring before the court the record of the proceedings of an inferior tribunal for inspection, and the only judgment to be rendered is, that the writ be quashed or that the record of the proceedings be quashed. (*Chicago and Rock Island Railroad Co.* v. *Fell*, 22 Ill. 333; *People* v. *Lindblom*, 182 id. 241.) The trial upon a return made in obedience to a writ of *certiorari* is upon the record, alone, as disclosed by the return, and not upon any allegation of the petition nor any issue of fact. (*Kammann* v. *City of Chicago*, 222 Ill. 63.) The alleged fact that Noah Cass received the damages awarded for opening the road not being included in the return as a matter of record, could not have been considered by the court upon the hearing. It was a fact, however, proper to be considered by the court upon the question whether the writ should be granted or should be dismissed because improvidently ordered. The writ is not a matter of right, but its issuance is discretionary with the court. (*Bourland* v. *Snyder*, 224 Ill. 478.) The court quashed the writ on the hearing, and the plea merely alleges a fact which would have furnished a ground for refusing the writ or for dismissing it. A plea of release of errors must allege some fact which will be effective to waive or release the errors of the court assigned on the record. This plea alleges no such fact, but only a fact

claimed to avoid or waive errors or irregularities in the proceedings to lay out the road. It is alleged that the fact was discovered after the hearing in the circuit court, but that does not make the plea good as a release of errors.

The demurrer is sustained, and the defendants in error, if they should be so advised, may join in error by the first day of the next term of this court.

*Demurrer sustained.*