DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1917 AND 1918.

Cyrus Bocock, Administrator, Defendant in Error, v. William A. Leet, by Ralph L. Todd, Plaintiff in Error.

## Gen. No. 6,342.

1. APPEAL AND ERROR, § 43*— *when writ of error lies to County Court.* A writ of error to a County Court from the Appellate Court, in proceedings for the administration of an estate by a public administrator and for the sale of real estate to pay debts, may be sued out.

2. EXECUTORS AND ADMINISTRATORS—*what is nature of proceedings by public administrator to sell land to pay debts.* Proceedings by a public administrator to sell real estate to pay debts are purely of statutory origin, and where it is sought to devest an heir of his title to real estate in such proceedings, it must appear that the statute has been strictly complied with.

3. EXECUTORS AND ADMINISTRATORS, § 56*—*when County Court has jurisdiction to appoint public administrator.* A County Court has jurisdiction to appoint a public administrator at the instance of a creditor, where the time has expired within which relatives of the deceased have the exclusive right to administer the estate, although it is not averred in the petition that there is no relative or other creditors in the State to administer the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. EXECUTORS AND ADMINISTRATORS, § 296*—*right of heir to question legality of allowance of claim.* The allowance of a claim against an estate is only prima facie evidence against the heirs of deceased, and not conclusive, and an heir has the right under certain conditions to question the legality of the allowance of a claim by a public administrator and by the court.

5. EXECUTORS AND ADMINISTRATORS, § 264*—*what is nature of a claim.* A claim filed in the matter of the administration of an estate is a pleading.

6. PLEADING, § 2*—*what is.* A pleading is a statement in the legal form of facts which constitute the plaintiff's cause of action, or the defendant's ground of defense.

7. EXECUTORS AND ADMINISTRATORS, § 264*—*what is pleading of claimant.* The pleading of a claimant in a proceeding in the Probate Court for a judgment against an estate is a claim prepared in accordance with the provisions of the Administration Act.

8. RECORDS, § 7*—*what is part of record.* As a pleading in the case, a claim filed against an estate is a part of the record.

9. EXECUTORS AND ADMINISTRATORS, § 206*—*what is contingent unprovable claim.* A claim against an estate based upon a contract between claimant, the life tenant of property, and deceased and other heirs, whereby deceased and the other heirs agreed to pay claimant a certain sum per month, inclusive, however, of rents from the property, which they agreed to collect and pay over as a part of the monthly payment, for the lifetime of claimant, is not provable under section 67 of the Administration Act (J. & A. ¶ 116), since it is contingent in nature.

### ON PETITION FOR WRIT OF RESTITUTION.

1. APPEAL AND ERROR, § 7*—*what is nature of writ of error.* The suing out of a writ of error is the commencement of a new action.

2. APPEAL AND ERROR, § 1036*—*what is nature of assignment of errors.* The assignment of errors is the declaration of the plaintiff suing out the writ of error.

3. APPEAL AND ERROR, § 7*—*what is office of writ of error.* Although a writ of error is a new suit, yet it is not an original suit in the Appellate Court, in which new issues of fact may be framed, its only office being to try the validity of the proceedings had in the court below and to determine whether reversible error is found therein.

4. APPEAL AND ERROR, § 1844*—*when Appellate Court will not entertain petition for writ of restitution after remand.* Where, on writ of error to the Appellate Court, the grant of letters to a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

public administrator is approved, but the allowance of the claim, the decree of sale of real estate to pay debts, and the sale and order approving it are set aside and the cause remanded, the Appellate Court will not entertain a petition for a writ of restitution against the purchaser of the property sold and a subsequent vendee to compel the surrender of the property, and the subsequent vendee, who is in possession, not having been made a party to the writ of error originally sued out to review the allowance of the claim, etc., since such vendee is entitled to her day in court.

Error to the County Court of Stark county; the Hon. B. F. THOMPSON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 19, 1917. Rehearing denied October 3, 1917. Opinion on petition for writ of restitution filed April 9, 1918.

PEFFERS & WING and MILES & FULLER, for plaintiff in error.

JAMES H. RENNICK and EVANS & EVANS, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This case comes before us by a writ of error to the County Court of Stark county, sued out by William A. Leet, a minor, by his next friend, and concerns the proceedings had in the County Court by which the interests of the minor in certain real estate were sold by the defendant in error, as public administrator of the estate of Frank M. Leet, deceased, under the order of the County Court.

Frank M. Leet, deceased, was a resident of Audubon county, in the State of Iowa, where he died on April 6, 1895. The record disclosed that on September 7, 1910, a petition was filed in the County Court of Stark county, for administration on the estate of Frank M. Leet, deceased, and that upon this petition Cyrus Bocock, at that time public administrator of Stark county,

was appointed administrator of the estate, and qualified as such. The petition for administration avers that Frank M. Leet died seized and possessed of real and personal estate in Stark county, Illinois, his property consisting chiefly of an undivided one-fifth interest in lands in Stark county, which were described, subject to the life estate of Helen Leet, and that the deceased left surviving his widow, Lida L. Leet; and his children, Helen C. Leet and William A. Leet, as heirs.

The petition is made by James A. Brady, a credible person, as attorney for Helen Leet, a creditor, and the facts stated in the petition are verified by his affidavit.

The administrator, after his appointment, and after qualifying, filed an inventory of the estate from which it appears that the deceased left no personal estate, but owned an undivided one-fifth of the east half of Section 12, and the south half of Section number 3, all in Township 14 north, Range 7 East of the fourth principal meridian in Stark county, which interest was valued at $10,000; and that this one-fifth interest in a partition proceedings had been assigned to said Frank M. Leet, deceased, in lots 2 and 3 of the south half of said Section 3, as shown by a plat and survey made, of record, containing 135.14 acres, subject to the life estate of Helen Leet, the mother of the deceased, which inventory was approved by the court.

On the same day Helen Leet, the alleged owner of a life estate in the real property described in the inventory, filed the following claim in writing against the estate, which was verified by affidavit:

"Estate of Frank M. Leet, Deceased,
to
Helen Leet, Dr.

"To amount due for payments to be made to Helen Leet, this claimant under a contract in writing, dated January 10, 1899, between said Helen Leet of the one part and

said Frank M. Leet, Mary J. Stoughton, Rosa L. Thompson, Anna L. Boysen, and George Keller Leet of the other part, and being the balance due (after allowing all just credits) as and for the one-fifth share of such payments up to and including Oct. 20, 1910 ................................$ 1,160.47

"To amount due as and for one-fourth of the sum of $2,760.47, being the balance due (after allowing all just credits) under the contract aforesaid by said Anna L. Boysen, as and for her one-fifth share of the payments to be made under said contract up to and including Oct. 20, 1910...............$   690.11

"To the present value of payments of $200, each and every month from and after Oct. 20, 1910, for and during the natural life of Helen Leet, this claimant, said amount of $200 a month, being one-fifth of the amount hereafter payable monthly under the contract aforesaid to this claimant...........$12,444.44

$14,295.02"

The contract upon which the claim was based, and to which it had reference, was attached to and made a part of the claims filed. This contract was executed between Helen Leet, the widow of William Leet, deceased, and the children and heirs of William Leet, deceased, namely, Frank M. Leet, Mary J. Stoughton, Rosa L. Thompson, Anna L. Boysen and George Keller Leet, and it recites that in consideration of the sum of $100 paid to Helen Leet, the widow, by the children and heirs mentioned, and in consideration of the covenants and agreements in the contract mentioned to be kept and performed by the parties mentioned, that Helen Leet had sold and conveyed to the parties mentioned certain real estate and premises situated in the county of Audubon, in the State of Iowa, and she released and assigned

to the parties mentioned her claim and right to a widow's award in the personal estate of William Leet, deceased; also certain mortgages, bonds, stocks, choses in action, securities, etc., in consideration whereof, and said Frank M. Leet and the other parties mentioned jointly and severally covenant, agree and promise that they will lease the lands assigned to Helen Leet for dower, situated in Stark county, collect the rents therefor, keep the property in repair, pay the taxes thereon, and relieve and save said Helen Leet, their mother, from all care and responsibility in the management of her estate, and that they will pay to her for her maintenance and support or pleasure, including such rents, the sum of $1,000 per month, to be paid monthly, for and during her natural lifetime.

The administrator entered his appearance in the matter of the allowance of the claim filed, and waived the service of process and consented to the allowance of the claim mentioned for $14,295.02, and the court thereupon, on the same day that the claim was filed, allowed the same for the full amount, as a claim of the seventh class, to be paid in due course of administration.

Thereafter, on December 31, 1910, the administrator filed an account purporting to show the condition of the estate, from which it appears that no money or personal property of any sort came to the hands of the administrator, and that he was unable to find any such money or personal property, and that there was due to Helen Leet, as a creditor of the estate on the claims which had been allowed, the sum of $14,295.02, and that the estimated costs and expenses of administration, which were unpaid and which would accrue, would amount to $500, and it averred that, therefore, there was a deficiency of personal assets amounting to $14,795.02. And this account of the condition of the personal estate of the deceased was filed as a part

of the petition to sell the real estate, which was also filed the same day.

The petition is verified by the affidavit of the administrator, and alleges that Frank M. Leet departed this life at Audubon, in the State of Iowa, on or about the 6th day of April, 1905, leaving the real estate described in the petition, being the same real estate described in the inventory; that the petitioner was duly appointed administrator of the estate of the deceased on the 7th of September, 1910, and duly filed an inventory as such administrator, and rendered a true and just account of the personal estate, and the debts of the deceased, a copy of which is attached to the petition, and consisted of the claim of Helen Leet, as heretofore set forth; that there was no personal estate of the deceased, and that therefore there was a deficiency of personal property to pay the debts of the deceased in the amount heretofore stated; that the deceased died as owner in fee simple of an undivided one-fifth of the real estate heretofore described, subject to the life estate of his mother, said Helen Leet, and that said real estate had been partitioned by proceedings in the County Court, and said one-fifth interest was represented in Lot No. 2, of the south half of Section No. 3, containing 57 acres, and that said Lot 2 was subject to the life estate of Helen Leet; and that the interest of the deceased in the premises described was reasonably worth $10,000; that the deceased left surviving him Lida L. Leet, his widow, William A. Leet, of the age of 18 years, and Helen C. Leet, as his only children and heirs; that Asmus Boysen was guardian of William A. Leet, by appointment of the District Court of Audubon county, Iowa, as petitioner was informed and believed. In consideration of the premises petitioner prayed that Helen C. Leet, William A. Leet, Lida L. Leet and Asmus Boysen, guardian of William A. Leet, might be summoned to appear before the court on the 1st day of February

of the probate term thereafter, to answer the petition; and that the court appoint some discreet person as guardian *ad litem* for William A. Leet, the minor heir, to appear for and defend his rights therein; and praying that the court order and direct the petitioner to sell all the right, title and interest of the deceased in said real estate, subject to the life estate of Helen Leet, therein, according to law, or so much thereof as might be necessary to pay the debts of the intestate.

Summons was issued against all the defendants, returnable the first Monday in February, 1911, and was returned by the sheriff that the defendants were not found, and publication of a nonresident notice was made in the Stark County News, a weekly public newspaper, as required by the statute; also a certificate was filed, showing the mailing of the notice to the nonresident defendants, by the clerk of the County Court on January 4, 1911.

On the coming in of court on the first Monday of February, 1911, the court made an order appointing W. W. Wright, Jr., guardian *ad litem* for William A. Leet, the infant defendant, and on the same day, namely, February 7th, entered a decree based upon the petition of the administrator to sell the real estate in question to pay the claim of Helen Leet, mentioned. The decree recites the filing of the petition, the issuing of the summons, and the publication of the notice for 4 successive weeks in the Stark County News, the first publication being on the 4th day of January, 1911, and more than 30 days before the first day of the term, and the last publication on the 25th of January, 1911, and that the publication of the notice was in conformity with the statute, and that the court had jurisdiction of the cause and the parties, also recites the appointment of the guardian *ad litem* for the minor defendant, who had filed his answer to the petition, and that the other defendants having failed to plead, answer or demur, were in default, and finds that the

personal estate of the deceased was not sufficient to pay the debts against such estate, and that there was a deficiency of $14,795.02; that Frank M. Leet died as the owner in fee simple of the premises described, and that his interest was reasonably worth the sum of $10,000; that the deceased had left him surviving said Lida L. Leet, his widow, and William A. Leet and Helen C. Leet, his only children and heirs; and that Asmus Boysen was the guardian of William A. Leet by appointment of the District Court of Audubon county, Iowa, and thereupon the court ordered and decreed that the administrator be authorized to sell all the right, title and claim and interest of Frank M. Leet, in and to the premises described, to the highest and best bidder for cash at public auction, at the front door of the courthouse in Toulon, and that he publish a notice of the time, place and terms of holding such sale in a public newspaper published in the county, for a space of 4 weeks previously, and by putting up notices thereof, in at least four of the most public places in Stark county.

The administrator gave the notice as required by the decree to sell the property on the 6th day of May, 1911, and on that day the same was sold by him at a public sale to Rosa L. Thompson for $7,000. On the day of the sale, which was the first day of the May term, the administrator filed a report of such sale, which report of sale was approved by the court, and the property was thereupon conveyed to said Rosa L. Thompson by an administrator's deed made in pursuance to such sale.

The defendant in error insists that the plaintiff in error has no legal right to sue out a writ of error to review the proceedings concerning the administration of the estate of Frank M. Leet, deceased, nor to question the validity of the sale of the real estate which was made by virtue of the decree of the County Court, and that the remedy provided for error in the admin-

istration is by appeal to the Circuit Court; also, that the finding of the court, as to the validity of the claim for the payment of which the real estate in question was sold, is conclusive on this court.

We are of opinion that under the authority of *Unknown Heirs of Langworthy v. Baker,* 23 Ill. 484, and *Fitzgerald v. Glancy,* 49 Ill. 465, the record of the administration of the estate and the proceedings for the sale of the estate are properly before us for review; and that the writ of error to the County Court of Stark county was properly sued out by the plaintiff in error for that purpose. It is apparent that the sale of the real estate on the order of the County Court was the object and the culmination of the preliminary proceedings in the administration of the estate, commencing with the appointment of the administrator, and followed up by the allowance of the claim of Helen Leet against the estate of the deceased, and these preliminary proceedings were necessary under the statute as legal basis for entering an order to sell real estate. The proceeding to sell real estate to pay debts is purely of statutory origin, and where it is sought to devest an heir of his title to real estate in such proceedings it must appear that the statute has been strictly complied with. (*Therens v. Therens,* 267 Ill. 592.)

The plaintiff in error contends that the County Court did not have jurisdiction to appoint the defendant in error as administrator. This contention, however, cannot be sustained. It appears from the petition, with sufficient clearness, that it was filed by James A. Brady as the attorney of Helen Leet, who was a creditor of the estate. Inasmuch as the time had expired within which under the present statute the relatives of the deceased had the exclusive right to administer, it was not necessary to aver that there was no relative or other creditors in the State to administer the estate. The petition, while somewhat awkwardly worded, presents substantially the necessary juris-

dictional facts for the granting of letters of administration to the defendant in error; and we are of opinion that such letters were properly issued to him. Nor do we think that the contention concerning the notice which was published and mailed to the nonresident parties in connection with the filing of the petition to sell the real estate of the deceased can be sustained. The notice appears to be substantially in conformity with the requirements of the statute.

There is merit, however, in the contention of the plaintiff in error that the County Court could not legally allow the claim filed by Helen Leet to recover under the contract with the deceased and the other heirs of William Leet, deceased, the present value of payments of $200, each for every month from and after October 20, 1910, during the natural life of Helen Leet, amounting to the sum of $12,444.44.

The allowance of a claim against an estate is only prima facie evidence against the heirs of the deceased, and not conclusive. (*Moline Water Power & Mfg. Co. v. Webster,* 26 Ill. 234; *Hopkins v. McCann,* 19 Ill. 113; *Stone v. Wood,* 16 Ill. 177; *Curry v. Mack,* 90 Ill. 606.) And the plaintiff in error, an heir of the deceased, has the right to question the legality of the allowance of such claim in this proceeding. (*Unknown Heirs of Langworthy v. Baker, supra; Fitzgerald v. Glancy, supra.*)

Defendant in error insists that the allowance of the claim is conclusive, so far as the consideration of the question of its validity by this court is concerned, because the claim filed is not a part of the record. The statute requires that a creditor who has a claim against an estate should file his claim in writing. In this case Helen Leet, as a creditor, filed her claim in writing, and attached the contract upon which it was founded, as a part of the claim. We are of opinion that a claim filed in the matter of the administration of an estate is a pleading. A pleading is a statement

in the legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense. (22 Am. & Eng. Encyc. of Law, 2nd Ed. 837.)

The pleading of a claimant in a proceeding in the Probate Court for a judgment against an estate is a claim prepared in accordance with the provisions of the Administration Act. (*Hall v. Hale,* 202 Ill. 326.) And so it was held in *Russell v. Hubbard,* 59 Ill. 335, that the amount stated as the alleged indebtedness in a claim filed against an estate should be given the same effect as an *ad damnum* in a declaration. As a pleading in the case, the claim with the attached contract is a part of the record. (*Zimmerman v. Cowan,* 107 Ill. 631; *Lundberg v. City of Chicago,* 183 Ill. 572; *Houston v. City of Chicago,* 191 Ill. 559.) Generally, whatever proceedings, facts or papers the law or the practice of the various courts require to be enrolled, are properly a part of the judicial record. (*Fountain Head Drain. Dist. Com'rs v. Wright,* 228 Ill. 208.)

Helen Leet's claim for $12,444.44 was based upon the contract, which has been referred to, and, under the terms of the contract, the deceased, together with four other heirs of William Leet, deceased, agreed to pay $1,000 per month, inclusive, however, of the rents, which they had agreed to collect and pay over as a part of the monthly payment, and the monthly payment was to be made only during the lifetime of Helen Leet. It is evident, that to ascertain the actual amount which the parties were liable for, the amount of the rents collected had to be taken into consideration. If the rents collected in any month equaled the amount to be paid, there was nothing additional to pay. The amount which the parties to the contract, including the deceased, were obligated to pay was therefore uncertain, and its payment also depended upon Helen Leet being alive at the time it was payable. It was not a liability which was fixed and determined

but was contingent. A claim of this character is not provable under section 67 of the Administration Act (J. & A. ¶ 116). *Union Trust Co. v. Shoemaker*, 258 Ill. 564; *Mackin v. Haven*, 187 Ill. 480; *Brown v. Rouse*, 116 Ill. App. 513. And under the terms of this contract the estate could not be held liable for the present value of $200 per month from October 20, 1910, for the natural life of Helen Leet, based upon an estimated expectancy of the life of Helen Leet. There was, therefore, no legal basis for the allowance of this claim by the County Court.

And we conclude, therefore, that the real estate in question was sold under the order of the County Court, to pay an alleged debt of $12,444.44, which was not a legal claim against the estate of Frank M. Leet, deceased. And that the County Court was without power or jurisdiction to order a sale of the real estate in question to pay this alleged debt, and that the sale should therefore be annulled. It is therefore ordered that the judgment allowing the claim in question, and the decree of the County Court directing the sale of the real estate to pay such claim, and the order approving such sale be set aside, and the cause remanded for further proceedings consistent with the views herein expressed.

*Decree reversed and cause remanded with directions.*

ADDITIONAL OPINION ON PETITION FOR WRIT OF RESTITUTION.

MR. JUSTICE DIBELL delivered the opinion of the court.

The County Court of Stark county granted administration on the estate of Frank M. Leet, a deceased and nonresident intestate. Helen Leet filed a claim against said estate, which was allowed in the sum of $14,295.02. It contained three items, the chief one of which was allowed for $12,444.44. The administrator

filed a just and true account, which showed that said claim was the only charge against the estate except the costs of administration. The administrator then filed a petition to sell real estate of said deceased in said county to pay said claim and said costs. His widow and heirs at law and the guardian of the minor heir were made defendants and were served by publication. A decree was entered for the sale of said real estate to pay said claim and costs. On May 6, 1911, said administrator sold and conveyed said real estate to Rosa L. Thompson under said decree and on the same day the sale and conveyance were approved by the court. Afterwards the administrator filed a final report and was discharged. On September 18, 1916, William A. Leet, the minor heir at law, sued out of this court a writ of error to review said proceedings and, after severance, made all the other parties defendants in error, and also brought in Rosa L. Thompson as purchaser and *terre* tenant, under rule 9 of this court. (137 Ill. App. 622.) Plaintiff in error assailed all the proceedings from the grant of administration to the order approving the sale. On April 19, 1917, we filed an opinion, wherein we approved the grant of letters, but held that the chief item of the claim, above specified, was not a valid charge against the estate. We set aside the allowance of the claim, the decree of sale, the sale and order approving it, and remanded the cause. (*Bocock v. Leet, ante,* p. 402.) The administrator petitioned for a rehearing. We denied that application at the October term, 1917.

On November 22, 1917, at said October term, said plaintiff in error and Lida L. Leet, one of the defendants in error, filed their petition herein for a writ of restitution against Rosa L. Thompson and Mary J. Stoughton, and all persons in possession of said premises under either of them, requiring them to surrender possession of said real estate to the petitioners. The petition, which was verified, set up many facts ap-

pearing from the record and our decision, and other
matters not in the record, such as that Mrs. Thompson
took possession of the real estate after the confirma-
tion of the sale to her; that in 1912 she conveyed the
premises to Mrs. Stoughton, and that the latter has
ever since been in possession and claims the title to
said real estate; that her only title and claim of title
is under Mrs. Thompson, and that neither of them
have any right except under said decree of sale and
confirmation by the County Court, and that Mrs.
Thompson and Mrs. Stoughton are sisters, and were
sisters of Frank M. Leet, now deceased, and that Mrs.
Thompson is the Rosa L. Thompson whose name ap-
pears in an exhibit attached to the claim of Helen
Leet above referred to. A brief has been filed in
opposition, but whether for all the defendants in error,
or only for the administrator, is uncertain. As the
petition for the writ of restitution was filed at the same
term at which we denied the petition for a rehearing,
we do not doubt that we are still authorized to take
any proper action between those who have been before
this court.

A writ of restitution against Mrs. Thompson would
be of no avail for she has not been in possession since
1912, according to the averments of the petition. It
shows that Mrs. Stoughton was the *terre* tenant when
this writ of error was sued out and that she had then
been in possession for some 4 years. She was not
made a party here, nor notified of the pendency of
this suit in this court. We cannot hold that she was
bound at her peril to watch the docket of this court
during the entire minority of plaintiff in error so as
to ascertain if he at any time sued out a writ of error,
and to voluntarily appeal when he did so, and protect
her interests. The suing out of a writ of error is the
commencement of a new suit, and the assignment of
errors is the declaration of plaintiff in error. *Clowry
v. Holmes,* 238 Ill. 577; *George v. George,* 250 Ill. 251;

*Cass v. Duncan*, 260 Ill. 228; *Berry v. Turner*, 279 Ill. 338. We have no jurisdiction to grant plaintiff in error any relief outside of his assignments of error. Although it is a new suit, yet it is not an original suit in this court, in which new issues of fact may be framed. Its only office is to try the validity of the proceedings had in the court below, and to determine whether reversible error is found therein. The questions of fact whether Mrs. Thompson took possession of this real estate, whether she conveyed the same to Mrs. Stoughton, whether the latter took possession, and whether Mrs. Stoughton has any title to said lands except under said administrator's sale and deed, are none of them presented by the assignment of errors, nor by the record filed here for review. Mrs. Stoughton was not a party in the court below, and was not a defendant in error here, and she has never had an opportunity to defend her rights in this real estate. She has a right to have issues formed upon such questions and to present witnesses before the tribunal which tries such issues. The Supreme Court has sent issues to the Circuit Court to be tried by a jury, and to a commissioner to take and report testimony with his conclusions, but those were in causes originating in the Supreme Court. In *Dunning v. Bathrick*, 41 Ill. 425, such a writ as here asked was sought and refused, the court saying that to allow such a writ "might become a precedent attended with much embarrassment and injurious consequences in practice." Our attention is called to no decision in this State which enforces a power in an Appellate tribunal to do what is here sought. In some other jurisdictions such applications have met with favorable consideration, but in our opinion the practice in this State does not give us that authority.

Under this petition counsel differ as to the meaning of words used in our former opinion, and one side asks us to modify them. We sustained all that pre-

ceded the allowance of the claim, and held that said claim and the exhibit attached thereto showed that the principal part of the sum allowed was not a valid charge against the estate, and therefore the decree based thereon must fall and with it all subsequent proceedings. We remanded the cause that the other parts of the claim might be again tried, and that administration might thereafter proceed in due course. We were not choosing our language with reference to the interests of Mrs. Stoughton, who was not before the court. The petition is therefore denied.

*Petition denied.*