William Flint, Plaintiff in Error, v. J. S. Mundy, Defendant in Error.

Gen. No. 8,394.

Opinion filed April 22, 1930.

ALBERT E. ISLEY, for plaintiff in error.

H. J. BUXBAUM, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Plaintiff in error brought his suit in the circuit court of Clark county against defendant in error. There

was a trial and judgment that plaintiff take nothing by said suit and that the defendant go hence without day. The record has been brought to this court by writ of error and in this court defendant in error has presented a plea of the statute of limitations, to said writ of error, to which plea plaintiff in error has filed a demurrer and defendant in error has joined in said demurrer.

It appears from the record that plaintiff in error sued out the writ of error within two years from the entry of judgment in the circuit court, but defendant in error is proceeding upon the theory that by reason of the delay in suing out the writ of error in this court the statute of limitations has run against the original cause of action in the court below, and that that question can be raised by pleading the statute of limitations in this court. But the writ of error is brought, and its function is only to review the record in the lower court. (*Bocock v. Leet,* 210 Ill. App. 402, 416; *Kammann v. City of Chicago,* 222 Ill. 63, 66; *Cass v. Duncan,* 260 Ill. 228, 230.)

In *Bocock v. Leet, supra,* the court held: ''The suing out of a writ of error is the commencement of a new suit, and the assignment of errors is the declaration of plaintiff in error. *Clowry v. Holmes,* 238 Ill. 577; *George v. George,* 250 Ill. 251; *Cass v. Duncan,* 260 Ill. 228; *Berry v. Turner,* 279 Ill. 338. We have no jurisdiction to grant plaintiff in error any relief outside of his assignments of error. Although it is a new suit, yet it is not an original suit in this court, in which new issues of fact may be framed. Its only office is to try the validity of the proceedings had in the court below, and to determine whether reversible error is found therein. The questions of fact whether Mrs. Thompson took possession of this real estate, whether she conveyed the same to Mrs. Stoughton, whether the latter took possession, and whether Mrs. Stoughton has

any title to said lands except under said administrator's sale and deed, are none of them presented by the assignment of errors, nor by the record filed here for review.''

From these authorities, it is plain that the demurrer of plaintiff in error to the plea should be sustained and that defendant in error's plea of the statute of limitations should be held for naught.

Defendant in error has moved the court for an extension of time to present briefs and argument and for leave to join in error in case his plea is denied. This is contrary to the practice. *Great Northern Refining Co. v. Jeffris Lumber Co.,* 308 Ill. 342, 346. In this case it is held:

''Where it is sought to have a case reviewed by an appellate court, the assignment of errors as prepared and presented stands as the declaration of the plaintiff in error. The suing out of the writ of error is the beginning of a new suit. (*International Bank v. Jenkins,* 107 Ill. 291; *George v. George,* 250 Ill. 251; *Cass v. Duncan,* 260 Ill. 228.) If the defendant in error files a plea thereto, such plea is, in effect, a confession of error in the record. It has long been the holding in this State that where pleas in bar are filed in an appellate court to a writ of error, such as pleas of release of errors, former adjudication or Statute of Limitations, and such pleas are held not sufficient because they are not supported by the proofs or because bad in law, such pleas confess that there is manifest error in the record, and the judgment or decree must be reversed whether the alleged errors in fact exist or not, and the court refusing to sustain the pleas will not consider whether the errors are or are not correctly assigned. *Austin v. Bainter,* 40 Ill. 82; *Thornton v. Houtze,* 91 Ill. 199; *George v. George, supra.*''

The only exception to this rule is as to a plea of release of errors under section 109 of the Practice Act,

Cahill's St. ch. 110, ¶ 109, as revised in 1907. It does not apply to the plea in the case at bar.

It follows that the only order that this court can enter is, that the judgment of the circuit court of Clark county be reversed and the cause remanded, which is the judgment entered in this court.

*Reversed and remanded.*