(No. 3976 )

B. C. Schuemann, H. E. Buhman and E. C. Jackson, assignees of the Illinois Oil Co., a Corp., Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 18, 1947.*

Bertrand C. Schuemann, for Claimant.

George F. Barrett, Attorney General, and C. Arthur Nebel, Assistant Attorney General, for Respondent.

Bergstrom, J.

Illinois Oil Company, a corporation, filed its claim on July 30, 1946 for the sum of $7,869.19. Subsequent to that time, on January 29, 1947, it filed a motion through its attorney, requesting that B. C. Schueman, H. E. Buhman and E. C. Jackson be substituted as party claimant in the name, place and stead of the Illinois Oil Company, a corporation. The basis of the motion, which this Court allowed, is that the corporation is in liquidation and that by assignment properly executed by the officers of the corporation, authorized by proper corporate resolution which is part of the record, this claim was assigned to the said parties.

The claimant, Illinois Oil Company, a corporation, was a duly licensed distributor under the Motor Fuel

Tax Law of the State of Illinois, and up to and including July 1945, it made its reports and remittances to the Motor Fuel Tax Division of the Department of Revenue. In accordance with the provisions of the said Motor Fuel Tax Law it filed its final return for the month of July 1945. The claim now made is for over-payments made from October 1942 to and including April 1945, less certain under-payments, caused by clerical errors in computing the gallonage on which tax was due.

The evidence clearly substantiates the contention of claimant and clearly supports the claimed over-payment of $7,869.19. Similar claims by licensed distributors under the Motor Fuel Tax Law have been approved by this Court, and the Court has held that the collection and payment of this tax to the State by claimants in similar circumstances was as an agent of the respondent, fulfilling the certain duties imposed upon the licensed distributors by law, and as the over-payments were made under a mistake of fact, claimants were entitled to a refund of the over-payments.

> *Silver Fleet Motor Express, Inc.* vs. *State of Illinois*, 10 C.C.R. 396;
> *Edwin T. Breen as Trustee of the Worth Refining Company, Inc.* vs. *State*, 12 C.C.R. 285;
> *Mitchell and Hills* vs. *State*, 12 C.C.R. 317.

This claim clearly comes within the provisions of the law as heretofore interpreted by this Court.

However, the Attorney General raises the question that that portion of the claim based on errors in reports made prior to July 30, 1944 are barred by the Statute of Limitations. He bases his contention on Section 22, Court of Claims Act (Chapter 37, Section 439.22, Ill. Rev. Stat. 45) which reads:

"Every claim cognizable by the court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless

it is filed with the clerk of the court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons, and persons under other disability at the time the claim accrues two years from the time the disability ceases."

Counsel for claimant argues that this section is strictly a Statute of Limitations and as such should be construed for its prospective effect and should not be applied with reference to its retroactive effect. On page 691 of Volume 37 of Corpus Juris the general rule with reference to statutory interpretations of Statutes of Limitation is stated as follows:

"As a general rule—a fundamental rule for the construction of statutes—Statutes of Limitations will not be given a retroactive effect. unless it clearly appears that the Legislature so intended;

citing

> Carlin vs. Peerless Gas and Light Company, 283 Ill. 142;
> George vs. George, 250 Ill. 251;
> Walker vs. People, 202 Ill. 34; and other cases.

In the case of George v. George, 250 Ill. 251, in discussing the act which reduced the time for filing of a writ of error from five to three years, the Court said on page 255:

"In addition to the general rule that limitation acts will not be given a retroactive effect, in the absence of clear legislative intention, Section 4 of the Act to revise the law in relation to the construction of Statutes provides that no law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any right accruing or claim arising under the former law, or in any manner whatever to affect any right accruing or claim arising before the new law took effect."

The instant case would present no difficulty in its determination if the said Section 22 could be construed by itself and as strictly a Statute of Limitations. The weight of authority will unquestionably support the view that it would have no retroactive effect. The question presented here, however, is whether this particular section can be construed by itself or whether it must be construed in conjunction with the complete Court of

Claims Act. The Court of Claims Act, under which the present Court is functioning, went into effect on July 1, 1945. The Court of Claims is strictly a creature of the Statute, and all of its powers and duties are derived by and through the said Act. The jurisdiction of the Court is circumscribed by the Act, and every section of the Act is just as much a part thereof as the said Section 22. As another part of the said Act, there is Section 24 which reads:

"An Act to create the Court of Claims and to prescribe its powers and duties, approved June 25, 1917, as amended, is repealed. All claims pending in the Court of Claims created by the above Act shall be heard and determined by the Court created by this Act in accordance with this Act. All of the records and property of the Court of Claims created by the Act herein repealed shall be turned over as soon as possible to the Court created by this Act."

By reading of this section, there seems to be no question that the Legislature intended to repeal the former Act, which is further evidenced by the fact that they retained jurisdiction in the court of pending claims but were silent with respect to unfiled claims not barred under the previous five year limitations contained in the prior Act, but which would now be barred by the two-year limitation contained in said Section 22. In construing said Section 22, this Court must do so in conjunction with Section 24 and all of the other sections of said Act. It is well settled in this State that the power of the Court of Claims to entertain a claim against the State is purely statutory inasmuch as the State is not suable in a court of general jurisdiction and this power can be exercised only in a manner and within the limitations as prescribed by the Statute creating this Court. Our existing powers are derived entirely from the new Act, and this Court's jurisdiction to hear any claims is derived exclusively from the new Statute and can be exercised only in the manner and under the limitations prescribed by the said

Statute. As such it operates as a limitation on the jurisdiction of this Court.

An analogous situation was presented in the case of *Carlin* v. *Peerless Gas and Light Company*, 283 Ill. 142, where the Court said on page 144:

"At common law no right of action existed in anyone to maintain an action against any person or corporation causing the death of another by any wrongful act, neglect or default. A right of action for such causes was given by our Injuries Act, which was adopted in 1853, and which for the first time in this State created such cause of action and provided in whose name the suit should be brought and how any money recovered should be distributed. The act fixed the time within which such an action should be brought at two years after the death. Similar statutes are in force, we believe, in all the States of the Union, and the question whether the time fixed by the statute for bringing such actions is a statute of limitations has been passed upon by many courts, and it has generally, if not universally, been held that the statute creates a new liability unknown to the common law, fixes a time within which the action may be commenced, and is not a statute of limitations; that the time fixed for commencing the cause of action created by the statute is a condition of the liability, and operates as a limitation of the liability itself and not of the remedy, alone."

> *The Harrisburg*, 119 U. S. 199;
>
> *Rodman* vs. *Missouri Pacific Railway Co.* (Kan.) 59 L.R.A. 704;
>
> *Partee* vs. *St. Louis & San Francissco Railroad Co.*, 123 C.C.A. 292; 51 L.R.A. (N.S.) 621;
>
> *Gulledge* vs. *Seaboard Airline Railroad Co.*, (N.C.) 125 Am. St. Rep. 544; 8 R.C.L. 801-805; 8 Am. & Eng. Ency. of Law, 875.

In *Spaulding* v. *White*, 173 Ill. 127, this court considered the question whether the amendatory act of 1895, fixing the time within which a bill might be filed to contest a will at two years instead of three years, (the time allowed by the former act) applied to cases where wills had been probated prior to the amendment. In that case the will had been admitted to probate March 28, 1894, and a bill was filed to contest it in March, 1897. When the will was admitted to probate the statute gave three years' time in which to file a bill to contest it, and the bill was filed within three years from the probate of the will. The amendment of 1895 reduced the time to two years, and if the amended act applied the bill was not filed within the time limited. The court said, in substance, that the jurisdiction to entertain a bill to contest a will was derived exclusively from the statute and could be exercised only in the manner and under the limitations prescribed by the statute, and that the time allowed for filing such a bill is not a limitation law.

The court said: "There is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitations." That case was followed and its reasoning adopted in *Sharp* v. *Sharp*, 213 Ill. 332.

In the case of *Hathaway* v. *Merchants Loan and Trust Company*, 218 Ill. 580, a clear distinction is made between statutes conferring jurisdiction and fixing the time in which it may be exercised and a statute of limitations. That case held, "the time in which a bill may be filed, under the Statute, by any person interested, is not a limitation law and the statute in force at the time of the filing of the bill is the statute conferring jurisdiction and must govern."

In *Merlo* v. *Johnston City Coal and Mining Company*, 258 Ill. 328, the court said, "it is a well established rule that no one has a vested right in a particular remedy or mode of procedure for the redress of grievances, and the legislature may change these and the changed procedure may be applied to pending causes."

Under the existing Court of Claims Act, claimant lost its right to action for refunds under the five year limitation and can now only recover for claims accruing to it within two years of the filing of the complaint herein, namely from July 30, 1944, that date being two years prior to the filing of this complaint.

For the reasons stated, the Court will deny that portion of the claim based on errors in reports made prior to July 30, 1944, and will only consider that portion of the claim based on errors in reports made subsequent to said date. According to the record this amounts to $1,064.01, from which amount must be deducted the sum of $191.37 admitted by the claimant to have been underpaid.

An award is therefore made in favor of B. C. Schuemann, H. E. Buhman and E. C. Jackson (assignees of

Illinois Oil Company, a corporation), in the sum of $872.64.